-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

KENNETH BOYKINS,

               Petitioner,

                                         DECISION AND ORDER

      -v-                                    12-CV-0548M

SUPERINTENDENT AUBURN CORRECTIONAL FACILITY,

               Respondent.

_____

       Petitioner, Kenneth Boykins, has filed a *pro se* petition for a writ of habeas corpus challenging a judgment of conviction entered in New York Supreme Court, County of Monroe, on September 17, 2007. Petitioner also seeks permission to proceed *in forma pauperis* (Docket Nos. 2, 6, 7), and the appointment of counsel (Docket No. 3).

       Petitioner was convicted of multiple counts of Robbery, First Degree, and Burglary, First Degree, Attempted Murder, Second Degree, and Assault, First Degree. (Docket No. 1, Petition, ¶ ¶ 1-4.) Petitioner's conviction was affirmed on June 10, 2011 by the Appellate Division, Fourth Department, and a leave to appeal to the New York Court of Appeals was denied on August 29, 2011. (*Id.*, ¶ 9-11.) Petitioner apparently raised the following grounds on direct appeal: the conviction of Attempted Murder should have been dismissed because the proof at trial established two separate and distinct shootings; the prosecution charged two felony assault charges based upon a theory that the underlying felony was either a "Robbery" or "Burglary;" the trial court should have ordered the sentences on the Assault, Robbery and Burglary convictions to all be served concurrently; and petitioner's trial should have been severed from his co-defendant's. (Petition, ¶

9(d).)  Petitioner does not state, although asked to do so on the Courts § 2254 Petition Form, what grounds he raised in his application for leave to appeal to the New York Court (*id.*, ¶ 11(d)).

Paragraph 22 of the § 2254 Petition Form ("Form"), which petitioner used, asked petitioner to state the grounds upon which he was seeking habeas corpus relief but petitioner did not set forth any such grounds in the petition.

The Form does list a number of grounds that are most frequently raised as grounds for relief in habeas corpus proceedings and states that a petitioner may raise any grounds which he may have other than those listed if he has exhausted his state court remedies with respect to them.  The Form also advises a petitioner that he should *not* merely check any of the listed grounds and that if he "select[s]" one or more of the grounds listed, he must allege facts supporting the grounds listed.  A petitioner is specifically advised that the petition will be returned to him if he merely checks one or more of the grounds listed.

In his petition, petitioner checked three of the grounds listed: (b) conviction obtained by use of coerced confession; (g) conviction obtained by a violation of the protection against double jeopardy; and (i) denial of effective assistance of counsel,[1] but, as noted, petitioner failed to state in

---

[1]The Court notes that none of these three grounds appear to be the grounds raised on his direct appeal to the Fourth Department and petitioner is reminded, as noted in the Form, that any ground raised in the habeas corpus petition must have first been "exhausted" in state court.  See 28 U.S.C. § 2254(b).

Before a federal court can address the merits of any federal issue contained in a petition for a writ of *habeas corpus,* the petitioner must have "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 843-44 (1999).  "Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained." *Hogan v. Ward,* 998 F. Supp. 290, 293 (W.D.N.Y. 1998), *citing Daye v. Attorney General of the State of New York,* 696 F.2d 186, 190 n.3 (2d Cir. 1982); *see O'Sullivan,* 526 U.S. at 839-40 (a state prisoner must present his claims to a state supreme [i.e., highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement.).  "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane,* 394 F.3d 68, 74 (2d Cir.) (internal quotation and citation omitted), cert. denied, 544 U.S. 1025 (2005).

the space provided any factual bases for the checked grounds.  (Petition, ¶ 22A-D.)

Accordingly, a copy of the petition will be returned to petitioner with directions, set forth below, to state in the spaces provided in paragraph 22 of the Form Petition specifically what grounds he is raising herein which he claims entitles him to habeas corpus relief under 28 U.S.C. § 2254 and the *facts* supporting each of the ground(s) stated.

Petitioner also seeks the appointment of counsel (Docket No. 3.)  This motion is denied at this time as premature.  Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989).  Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death.  21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The Court has reviewed the facts presented herein in light of the factors required by law.  Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

IT IS SO ORDERED that petitioner is granted permission to proceed *in forma pauperis*, and that the Clerk of the Court is directed to forward a copy of the petition (Docket No. 1) to petitioner and that by **October 1, 2012** petitioner must both complete the petition by stating in paragraph 22 of the petition each ground or grounds he is raising in this habeas corpus proceeding, which he claims entitles him to a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and return the completed petition to the Clerk of the Court, 2 Niagara Square, Buffalo, New York 14202;

FURTHER, that petitioner's failure to return the completed petition to the Clerk of the Court by **October 1, 2012** may lead to dismissal of the petition without prejudice;[2] and

FURTHER, that petitioner's motion for the appointment of counsel is denied without prejudice.

DAVID G. LARIMER
United States District Judge

DATED: August 24, 2012
Rochester, New York

---

[2] Petitioner is cautioned, however, that if his petition is dismissed without prejudice because he has failed to return the completed petition to the Court by September 26, 2012, the one-year limitations period set forth in 28 U.S.C. § 2244(d)(i) continues to be applicable and that failure to re-file a new petition within the limitations period may result in any new petition being deemed time-barred.

4