UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENNETH BOYKINS,

                Petitioner,

v.                                                    **ORDER**
                                                    12-CV-548S

SUPERINTENDENT AUBURN CORRECTIONAL
FACILITY,

                Respondent.

1.      This Court previously referred the present action to the Honorable Leslie G. Foschio, United States Magistrate Judge, for determinations on all pretrial matters and to hear and prepare a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Presently before this Court are Petitioner's objections to Judge Foschio's February 9, 2015 Decision and Order denying Petitioner's Motion to Strike the Answer of Respondents and for a stay of these habeas corpus proceedings.

2.      Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter pending before the court.  The magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). In contrast, when a party objects to a referred dispositive matter on which a magistrate judge has issued a report and recommendation, the district court will review *de novo* those portions of the report and recommendation to which proper objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(B), (C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006).

3. Initially, a motion to stay a proceeding is generally not dispositive unless resolution of the motion could result in denial of the ultimate relief sought. See Reed v. Deja, No. 09-CV-858S, 2014 WL 5460498, *1 (W.D.N.Y. Oct. 27, 2014) (citing SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Petitioner seeks a stay to allow him to pursue claims based on newly discovered evidence and the ineffective assistance of trial counsel, and denial of this motion renders those claims subject to dismissal for failing to exhaust state remedies. Regardless, even reviewing Judge Foschio's determinations *de novo* in light of Petitioner's objections, this Court concurs with the findings and recommendations contained in the Decision and Order. Accordingly:

IT HEREBY IS ORDERED, that Petitioner's Objections to Judge Foschio's February 9, 2015 Decision and Order (Docket No. 22) are DENIED.

FURTHER, that this Decision and Order (Docket No. 21) is ACCEPTED and AFFIRMED in its entirety.

SO ORDERED.

Dated: June 5, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Senior United States District Judge